## Irwin v. Smith.

(Decided October 23, 1912.)

### Appeal from Hardin Circuit Court.

Action—Action by Wife for the Killing of Her Husband—Time in Which Such Action Must Be Brought—Dismissal of Action—Construction of Statute.—The shooting and death of appellant's husband occurred on October 8, 1909, and this action for damages was instituted April 6, 1911, by her. Held, That the limitation of one year in respect to all actions for injuries to the person is declared by section 2516, Ky. Stats., and as no death, for which an action may be brought under the Kentucky Statutes, can result except from an injury to the person wrongfully inflicted, it would

seem to follow, in the absence of an express statutory provision to the contrary, that the limitation of one year must apply to every action allowed for the death of a person.

IRWIN & IRWIN and C. K. HOLBERT for appellant.

L. A. FAUREST, JAMES C. POSTON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellant sued in the court below to recover of the appellee damages for the death of her husband, John S. Irwin; it being alleged in the petition that appellee, not in self-defense, wantonly, maliciously and unlawfully shot and killed him. The answer contained three paragraphs. The first being a traverse of the averments of the petition, except the fact of the homicide; the second a plea of self-defense; the third a plea of the statute of limitations; that of one year being relied upon. The shooting and death of John S. Irwin occurred October 8, 1909, and the action was not instituted until April 6, 1911.

Appellant filed a demurrer to the third paragraph of the answer, which was overruled. She excepted to this ruling and did not plead further, and the court dismissed her petition. From the judgment manifesting these rulings she has appealed.

The action was brought under section 4, Kentucky Statutes, which provides:

"The widow and minor child, or either or both of them, of a person killed by the careless, wanton, or malicious use of fire-arms, or by any weapon popularly known as colts, brass knuckles, or slung-shots, or other deadly weapon, or sand-bag or any imitation or substitute therefor, not in self-defense, may have an action against the person who committed the killing, and all others aiding or promoting, or any one or more of them; and in such actions the jury may give vindictive damages."

As this section fixes no time for the bringing of the action allowed therein, it is appellant's contention that the limitation of five years prescribed by section 2515, Kentucky Statutes, applies, which section reads as follows:

"An action upon a contract not in writing, signed by the party, express or implied; an action upon a lia-

bility created by statute; when no other time is fixed by the statute creating the liability; an action for a penalty or forfeiture when no time is fixed by the statute or law prescribing the same; an action for trespass on real or personal property; an action for the profits of or damages for withholding real or personal property; actions for the taking, detaining, or injuring personal property, including actions for the specific recovery thereof; an action for the injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated; an action upon a bill of exchange, check, draft or order, or any endorsement thereof, or upon a promissory note, placed upon the footing of a bill of exchange; an action to enforce the liability of a steamboat or other vessel; an action upon an account concerning the trade of merchandise, between merchant and merchant, or their agents; an action for relief on the ground of fraud or mistake, and an action to enforce the liability of bail, shall be commenced within five years next after the cause of action accrued."

It is the contention of appellee's counsel—and such was the ruling of the circuit court on the demurrer— that the limitation applicable to this case is prescribed by section 2516, Kentucky Statutes, which declares:

"An action for an injury to the person of the plaintiff, or of his wife, child, ward, apprentice, or servant, or for injuries to person, cattle, or stock by railroads, or by any company or corporation; an action for a malicious prosecution, conspiracy, arrest, seduction, criminal conversation, or breach of promise of marriage; an action for libel or slander; an action for the escape of a prisoner arrested or imprisoned on civil process, shall be commenced within one year next after the cause of action accrued, and not thereafter."

We do not find that any section of the statute of limitations specifically fixes the time within which an action to recover damages for the death of a person must be brought; and the several sections of the Kentucky Statutes which provide for the recovery of damages for death, are silent as to the time within which such actions shall be brought. It may be remarked, too, that the limitation of five years prescribed by section 2515, relied on by appellant, does not in terms apply to any kind of action for injury to the person. We find, however, that the limitation of one year in respect to all actions for

injuries to the person, is declared by section 2516; and as no death, for which an action may be brought under the Kentucky Statutes, can result except from an injury to the person wrongfully inflicted, it would seem to follow, in the absence of an express statutory provision to the contrary, that the limitation of one year must apply to every action allowed for the death of a person.

In other words, section 2516, seems to manifest a legislative intent to limit the bringing of all actions for personal injuries, whether the person injured survive or die, to one year from the time the cause of action accrues; which, if the recovery be sought for the injuries alone, must be brought within a year from the time they were received; but if for the death, within a year of the time it occurred.

We have not heretofore been required to decide whether the limitation prescribed by section 2516, supra, should be applied to an action brought, as in the instant case, under section 4, Kentucky Statutes, but the question was, in effect, so decided in the following cases: Carden's Admr. v. L. & N. R. R. Co., 101 Ky., 113; C. & O. Ry. Co. v. Kelly's Admr., 20 R., 1238; L. & N. R. R. Co. v. Simrall's Admr., 127 Ky., 55.

In each of these cases a recovery was sought by the administrator for the death of the decedent, under section 6, Kentucky Statutes, which section, like that upon which appellant's action is based, is silent as to the time of bringing the action. The principal question involved was whether the five year limitation, prescribed by section 2515, should be applied or that of one year, prescribed by section 2516; we held that the limitation prescribed by the latter section should apply.

The meaning of these decisions is that the words, "an injury to the person of the plaintiff," found in section 2516 of the Statute of Limitations, apply to injuries causing the death of the person, for which his administrator may sue as allowed by section 6, Kentucky Statutes; and if so, they must also apply to injuries causing the death of a person for which his widow or child may sue, as allowed by section 4, Kentucky Statutes. In other words, the plaintiff, whether administrator, widow or child, so far as the right to sue and recover is concerned, stands in the place of the injured person or person killed. As said in L. & N. R. R. Co. v. Brantley's Admr., 106 Ky., 849:

"From necessity and the reason of the thing the statute of one year was applied in the Carden case although logically, as must be admitted, the cause of action did not accrue until after the death of the intestate and it never accrued to the deceased at all, but to the personal representative."

If, "from necessity and the reason of the thing," the statute of one year had to be applied in the Carden, Simrall and Kelly cases, upon the same grounds must it be applied to a suit by the widow for the death of her husband.

The judgment of the circuit court being in accord with the conclusion we have expressed, it is affirmed.