## Cravens v. Louisville & Nashville Railroad Company.

(Decided June 18, 1920.)

### Appeal from Nelson Circuit Court.

Husband and Wife—Loss of Services—Limitation of Actions.— An action by the husband to recover for the loss of services of his wife, and for the loss of her society, because of personal injuries sustained by her through the negligence of a defendant carrier is barred by the one year period of limitation prescribed in section 2516 of the Kentucky Statutes.

ERNEST N. FULTON and OSSO W. STANLEY for appellant.

BENJAMIN D. WARFIELD, JOHN S. KELLEY and JOHN A FULTON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The sole question involved on this appeal is whether a husband's right of action to recover damages for the loss of services of his wife and his loss of consortium is barred by the one year statute of limitations prescribed in section 2516 of the Kentucky Statutes, or whether the five year limitation prescribed by section 2515 applies.

The injury to the wife resulting in the loss of her services and the loss of her consortium to the husband, to recover for which this suit was brought, was sustained by her, as alleged, on December 20, 1917, and was the result of the negligence of the defendant and appellee, Louisville & Nashville Railroad Company, while the wife was a passenger on one of its trains. She sustained the loss of a leg, and was otherwise injured, and her husband sought by his petition to recover the sum of $15,000.00 as damages for the loss of her services and of her society resulting from such injuries.

Among the paragraphs contained in the answer was one pleading the one year statute of limitations, the suit having been filed more than one year after the infliction of the injuries to the wife. A demurrer filed to that plea was overruled, and plaintiff declining to reply thereto, his petition was dismissed, and he appeals.

Another paragraph of the answer relied on a settlement made with the plaintiff husband and his wife whereby they were paid the sum of $8,750.00 in full satisfaction of their respective damages growing out of the injuries complained of. A reply was filed to that paragraph, but there was no adjudication of the issues raised thereon, and we will make no further reference to it.

Section 2516 of the statute says: "An action for an injury to the person of the plaintiff, or of his wife, child, ward, apprentice, or servant, or for injuries to person, cattle or stock, by railroads, or by any company or corporation; an action for a malicious prosecution, conspiracy, arrest, seduction, criminal conversation, or breach of promise of marriage; an action for libel or slander; an action for the escape of a prisoner arrested or imprisoned on civil process, shall be commenced within one year next after the cause of action accrued, and not thereafter."

It is the contention of counsel for plaintiff that while the cause of action for the wife growing out of the personal injuries she sustained would be barred by that

section after the expiration of one year, it does not necessarily follow, as argued, that the cause of action in favor of the husband to recover for the loss of her services and of her society would be so barred, it being an independent and separate cause of action, and that it is more properly "an action for the injury to the rights of plaintiff, not arising on contract," which, by the provisions of section 2515 of the statutes is not barred until the expiration of five years after the cause of action accrued. In support of this contention the cases of Menefee v. Alexander, 107 Ky. 279, and Irwin v. Smith, 150 Ky. 147, with some others announcing an analogous principle, are relied on.

The Menefee case was a malpractice suit, and the only question decided was that the negligence sued for grew out of the violation of an implied contract whereby the physician defendant agreed with plaintiff to exercise the requisite skill in performing his professional services, and being a violation of a contract, "express or implied," the limitation came within the express terms of section 2515 of the statute.

The contention is made that the injuries to the wife in this case grew out of a violation of the contract of carriage, and that the case comes within the doctrine of the Menefee case. Every one will admit that statutes of limitations are founded in public policy, and that the legislature in enacting them is the sole judge of that public policy, unless the limitation prescribed is so short as to constitute a practical denial of justice. The quoted words of section 2515 relied on by plaintiff's counsel as bringing this case within the five year period of limitation are immediately followed by the expression "and not hereinafter enumerated." Section 2516 is "hereinafter enumerated" in the chapter and in the same article of the entire statute of limitations. So that if it contains any provisions in conflict with the quotation from section 2515, relied on by plaintiff, such provision must prevail, which brings us to a consideration of the language of section 2516. Reading it with such eliminations as do not apply to the concrete case, it says:

"An action for an injury to the person of plaintiff, or (to the person) of his wife . . . or for injuries to person . . . by railroads . . . shall be commenced within one year next after the cause of action accrued, and not thereafter."

This language clearly indicates that the personal injuries to plaintiff or to his wife contemplated by the statute include injuries inflicted by railroads, thus eliminating counsel's contention that this case should be governed by the doctrine of the Menefee case, since the legislature in the section under discussion placed personal injuries inflicted by railroads, so far as limiting the time within which suits might be brought therefor, in the same category as personal injuries exclusively tortious. Aside, perhaps, from expenses of physicians, medicines and nursing, the elements of damage which a husband sustains because of personal injuries to his wife are loss of services and loss of consortium, and unless the one year statute fixed by section 2516 would include the cause of action for these latter elements of damage to the husband, there would be two periods of limitations applying to different elements of his damages; one to his expenses for physicians, medicines, &c., and the other to damages for the loss of the services and of the society of his wife. For if the five year statute applies to the latter element of damage, the only remaining elements which section 2516 could include, would be the first ones enumerated, otherwise there would be no damages to which the terms of the statute could apply and the language "or of his wife," meaning injury to the person of the wife, would be meaningless.

This interpretation is not to be discarded because, as argued, there might be loss of the wife's services or loss of her society sustained by the husband when no personal injuries were inflicted upon her; as, for instance, if she should be kidnapped, or her affections alienated from her husband. But what would be the limitations applicable to the husband's cause of action in such cases is a matter with which we are not now concerned, since the assumed facts present only a hypothetical case. Our concern is to determine the concrete case which the facts present, and which are dealt with in section 2516, the language of which, to our minds, is too plain for discussion.

We are fortified in these conclusions by the case of Hancock v. Wilhoite, 1 Duvall, 314, which was an action by the father to recover for the loss of services of his daughter because of her seduction and the one year limitation was held to apply, but it was also held that

the cause of action did not accrue to the father until the birth of the child, when the loss of services commenced.

It being perfectly clear to our minds that the court properly overruled the demurrer to the paragraph of the answer pleading the one year statute of limitations, it results that the judgment must be and it is affirmed.