## NORTHERN KENTUCKY TELEPHONE CO. v. SOUTHERN BELL TELEPHONE & TELEGRAPH CO. et al.

### No. 6488.

Circuit Court of Appeals, Sixth Circuit.

Nov. 7, 1934.

See, also, 54 F.(2d) 107.

M. J. Hennessey, of Augusta, Ky., for appellant.

J. C. Doolan, of Louisville, Ky. (Frost & Jacobs, of Cincinnati, Ohio, U. J. Howard, of Covington, Ky., E. D. Smith, of Atlanta, Ga., and Trabue, Doolan, Helm & Helm, of Louisville, Ky., on the brief), for appellees.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The action was brought under section 7 of the Sherman Anti-Trust Law (15 USCA § 15 note) to recover treble damages for a conspiracy in restraint of interstate commerce, declared illegal by section 1 (15 USCA § 1).

The plaintiff having demurred to the several answers of the defendant, which pleaded the Kentucky statute of limitations, the demurrers having been overruled as to the answers but sustained as to the petition under Kentucky practice, and the plaintiff having declined to plead further, the District Court entered an order dismissing the petition, and the plaintiff appeals.

The first questions to be answered are: (1) What statute of limitations was applicable? and (2) When did it begin to run? If these questions are answered as they were below, they control the case, and nothing else need be decided. To understand the issues, however, some explanation of the controversy must be given.

The plaintiff's petition was filed May 2, 1931, and amended October 14, 1932. It alleges the formation of a conspiracy among the several defendants and others in August, 1926, for the purpose of preventing the plaintiff from securing a franchise in Bracken county, Ky., and preventing it from securing connections either with defendants' lines or those of other companies in privity with them for the purpose of exchanging interstate telephone messages. In furtherance of the conspiracy, a number of overt acts are alleged to have been committed by the defendants and others, including the employment in 1926 by the Citizens' Company and another, of attorneys to oppose the plaintiff's application for a franchise in the fiscal court of Bracken county; the refusal in February, 1927, by the Southern Bell and the Cincinnati Bell Companies, to agree to an interchange of interstate messages through the physical connection of their lines with the lines of the Higginsport Telephone Company; the refusal in 1927 by the same defendants to an interchange of messages through a physical connection with the lines of the Felicity Home Telephone Company; the refusal in December, 1926, by the Southern Bell to agree to an interchange of messages over the lines of the Robertson County Telephone Company, which had been acquired by the plaintiff; threats in 1927 by Southern Bell to discontinue contracts for long-distance service with other independent companies in the event that they should establish physical connection with the plaintiff, or enter into agreements with it for the interchange of messages, and the refusal in 1927 by the Citizens' Company to make physical connection with the plaintiff's lines, or to enter into an agreement with it for the interchange of long-distance messages. It will be noted that the alleged conspiracy was formed, all of the overt acts relied upon to establish it were committed, and damage therefrom resulted, more than one year prior to the bringing of the action. The importance of these circumstances will presently appear.

Section 1 of the Sherman Anti-Trust Act (15 USCA § 1) provides: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." Section 7 of the act (Section 15 note, title 15, USCA) provides: "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides. * * *" It is under this section that the action was brought.

The defendants rely upon section 2516, Kentucky Statutes, which interposes a bar of one year to certain specified actions, including an action for conspiracy. There being no period of limitation provided in the Sherman Anti-Trust Act, or other applicable federal statutes, it is agreed that Kentucky law governs. Chattanooga Foundry & Pipe Works v. Atlanta, 203 U. S. 390, 27 S. Ct. 65, 51 L. Ed. 241. The plaintiff, however, urges that section 2516 is not applicable because its action is not for conspiracy, but one to recover damages resulting from acts done pursuant to conspiracy, and because section 2515, Kentucky Statutes, which provides a five-year period of limitation for "an action upon a liability created by statute, when no other time is fixed by the statute creating the liability," governs because its action is upon such a liability.

The distinction urged between an action for a conspiracy and one for damages growing out of a conspiracy would seem to be a mere play upon words. Plaintiff's amended petition repeatedly charges the existence of the conspiracy not only among the defendants but between the defendants and others. Moreover, acts are relied upon as being unlawful which were committed by one or more of the defendants but not by all. The joinder of defendants not participating in alleged wrongful acts can be supported only upon the theory that they were conspirators, in which case the act of one is attributable to all after the formation of the conspiracy and during its existence. Finally, wrongful acts are alleged to have been committed by parties not joined, and acts are relied upon which are not themselves unlawful, and such acts can be brought home to the defendants only upon the assumption of conspiracy. It

is clear, therefore, that the suit is one for conspiracy within the statutory and common-law meaning of that term.

But the plaintiff contends that, notwithstanding the action may be, strictly speaking, one for conspiracy, the five-year period of limitation applies in view of the language of the statute making section 2515 applicable to liabilities created by statute. However, it is a long-recognized rule of construction that, where there is conflict between the general words of the statute and particular words in a subsequent provision, the general language must yield to the specific. Townsend v. Little, 109 U. S. 504, 512, 3 S. Ct. 357, 27 L. Ed. 1012. This would seem to be a case for the application of the rule even were it one of first impression. But the Kentucky courts have furnished us with a rule of decision in respect to section 2515. In Kentucky, actions for injury to the person resulting in death, and actions for damages for the escape of a prisoner, are governed by statute. Such actions are held to be governed by section 2516 and the one-year period of limitation provided for therein. Irwin v. Smith, 150 Ky. 147, 150 S. W. 22; Howard v. Middlesborough Hospital, 242 Ky. 602, 47 S.W.(2d) 77; Roush v. Wolfe, 243 Ky. 180, 47 S.W. (2d) 1021.

There remains to be determined the question as to when the statute of limitations begins to run against an action for conspiracy. It is the contention of the plaintiff that a conspiracy, until successful or terminated, is a continuing wrong, and that, so long as damages flow, and this without regard to the time of formation or the commission of overt acts, the statute does not begin to run. Reliance is placed upon United States v. Kissel, 218 U. S. 601, 31 S. Ct. 124, 54 L. Ed. 1168; Patterson v. United States, 222 F. 599 (C. C. A. 6), and Eldredge v. United States, 62 F.(2d) 449, 450 (C. C. A. 10). These decisions do not sustain the plaintiff's contention. They go no further than to hold that a conspiracy continues so long as overt acts are being committed by one or more of the conspirators, even though there is no new agreement among them subsequent to the original agreement. This is made clear by the language of Mr. Justice Holmes in the Kissel Case, at pages 607, 608 of 218 U. S., 31 S. Ct. 124, 126: "A conspiracy is a partnership in criminal purposes. That as such it may have continuation in time is shown by the rule that an overt act of one partner may be the act of all without any new agreement specifically directed to that act," and by the comment of the court in the Eldredge Case: "The overt act is an essential ingredient of the crime; a conspiracy which contemplates a series of overt acts is a continuing conspiracy, and the statute does not commence to run until the last overt act, performed in compliance with the original agreement, has been accomplished." Since in the Eldredge Case overt acts in furtherance of the conspiracy charge were proven to have been committed within a few months of the indictment, it was held that such acts were the acts of members of the conspiracy.

In the instant case there are no overt acts alleged to have been committed within one year prior to the filing of the action. In Nalle v. Oyster, 230 U. S. 165, at page 182, 33 S. Ct. 1043, 57 L. Ed. 1439, it was said to be a well-settled rule that no civil action will lie for a conspiracy unless there be an overt act that results in damage to the plaintiff. A necessary corollary to this rule would seem to be that, when there is an overt act, or the last of a contemplated series of overt acts, the cause of action accrues and the statute of limitations begins to run. If this were not true, then it would result that, in every case where damages resulting from a wrongful act are in their nature continuing, there would be no limitation upon the right of action, and the beneficent purpose of the statute to put a period to the right to sue would be defeated. This would apply equally whether the one-year or the five-year statute governed. We conclude that the plaintiff's action is barred, and it becomes unnecessary to consider the other questions in the case.

The order below is affirmed.