## FINCK v. ALBERS SUPER MARKETS, Inc.

### No. 9380.

Circuit Court of Appeals, Sixth Circuit.

June 22, 1943.

Morris Weintraub, of Newport, Ky., and Benj. S. Schwartz, of Cincinnati, Ohio, for appellant.

Odis W. Bertelsman, of Newport, Ky., and John C. Dempsey and Walter E. Frickman, both of Cincinnati, Ohio, for appellee.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant, Raymond Finck, alleged that he was a customer of appellee, the Albers Super Markets, Inc., a retail dealer of food stuffs and soft drinks in Campbell County, Kentucky, and that on February 13, 1937, his wife purchased from appellee for family consumption, a bottle of "Super Brand Lithiated Lemon," a soft drink, and on February 15, 1937, appellant drank a part of the contents of the bottle and discovered that it contained "bugs, insects and other foreign and filthy and decomposed substances."

Appellant alleged that immediately after drinking from the bottle he became violently ill and nauseated and subsequently developed toxic poisoning, rheumatic fever, gastro enteritis, a general neuritis and arthritis, throughout his entire body and system; that his entire nervous system became completely shattered; that he suffered, and will permanently suffer, great and excruciating pain, both mental and physical; that he has become restless and is unable to sleep at night; that he has lost his appetite and is unable to properly eat or digest his food and has lost considerable weight; that he developed severe and excruciating pains in his stomach and abdomen; that said fever and weakened condition caused an abscess to develop in his rectum, for which it was necessary to perform a surgical operation and as a result of the foregoing he has become irritable, nervous and depressed.

Appellant commenced this action May 6, 1941, and claims to have predicated it on a breach of duty under the Kentucky Foods, Drugs and Poisons Act, which in part provides that no person in this state shall manufacture for sale, produce for sale, expose for sale, have in his possession for sale, or sell any article of food or drug that is adulterated or misbranded (Kentucky Revised Statutes, 1942 Edition, Sec. 217.060), and also under the Uniform Sales Act of the State (Kentucky Revised Statutes, 1942 Edition, Sec. 361.150) which

statutes the Court of Appeals of Kentucky has construed as entitling a person to recover under the doctrine of implied warranty for illnesses resulting from eating or drinking misbranded or adulterated foods sold in violation thereof. Great Atlantic & Pacific Tea Company v. Eiseman, 259 Ky. 103, 81 S.W.2d 900.

Section 446.070, Kentucky Revised Statutes, 1942 Edition, provides that a person injured by the violation of any statute may recover from the offender such damages as he sustains by reason of such violation although the statute imposes a penalty or forfeiture.

Appellee, in its answer, alleged as a defense that appellant's cause of action was barred by the statute of limitation of one year, under Sec. 413.140 of Kentucky's Revised Statutes, 1942 Edition, which provides that an action for injuries to persons shall be commenced within one year after it accrues. Appellant moved to strike this defense, was overruled, and his petition dismissed; hence this appeal.

There is presented the single issue whether the one year statute of limitation applies or the five year statute set out in Sec. 413.-120 of the Kentucky Revised Statutes, 1942 Edition. The latter Section provides that an action upon a liability created by statute or an action upon a contract, not in writing express or implied when no other time is fixed by the statute creating the liability, shall be commenced within five years after the cause accrues. It is conceded that no specific period of limitation is fixed in either the Kentucky Foods, Drugs and Poisons Act or under the Uniform Sales Act.

██ While appellant, in his briefs, insists that his cause of action is purely statutory, this is not true under the Kentucky law. The common law rule prevails in Kentucky that a vendor of provisions or drinks selected, sold and delivered by the retailer in a visible condition to the purchaser for his immediate domestic use is bound to know at his peril that the same is sound and wholesome and fit for immediate use. If the purchaser or a member of his family is made ill due to the unwholesomeness of the food or drink, the vendor is liable to the injured, and there is no assumption of risk by the purchaser. Fleet v. Hollenkemp, 13 B.Mon., Ky., 219; Kroger Grocery & Baking Company v. Schneider, 249 Ky. 261, 60 S.W.2d 594; Day Pulverizer Company v. Rutledge, 238 Ky. 817, 38 S. W.2d 949.

Touching the claim that a bar by limitation did not exist when this action was brought, appellant insists that it is controlled exclusively by the five year statute, because his claim arises out of an implied contract not in writing or under a statute. Appellee urges that it is controlled exclusively by the one year statute because it is an action for injury to the person of appellant and thus it is immaterial whether the suit grew out of an implied contract or under a statute. If the one year statute covers all causes of action involving injuries to the person, we need not analyze appellant's pleadings to determine whether his action sounds in contract or in tort or grows out of the violation of a statute.

In the case of Menefee v. Alexander, 107 Ky. 279, 53 S.W. 653, 654, decided November 21, 1899, the Court of Appeals had before it a suit against a physician to recover damages for alleged malpractice in amputating the arm of the plaintiff without proper care or skill. The only question in the case was whether the one year or the five year statute of limitation applied. The statutes involved in that case were substantially the same as those here. The court, in deciding that the five year statute applied, said:

"The cause of action grows out of a failure to perform a duty imposed upon the defendant by the nature of his undertaking; and if, by reason of this breach of duty, there has been an accidental injury to the person, the character of the action is not changed. The right of action accrued when there was a breach of duty, and not when the loss or damage resulted from it. * * *

"All these causes of action for which assumpsit lay at common law are covered by section 2515 of the Kentucky Statutes, which allows actions on implied contracts, or for injuries to the rights of the plaintiff not arising on contract, and not otherwise provided for, to be commenced within five years next after the cause of action accrued."

In the case of Irwin v. Smith, 150 Ky. 147, 150 S.W. 22, 23, a wife instituted an action for the shooting and death of her husband under a statute of the state which authorized the widow and minor child or either or both of them to recover damages for the killing of the husband or parent by the careless, wanton and malicious use of firearms. The statute authorizing the recovery fixed no period of limitation but

the plaintiff contended it was five years, because the liability was created by statute. Defendant contended the limitation was one year. The court applied the one year statute, and said: "In other words, section 2516 (now 413.140) seems to manifest a legislative intent to limit the bringing of all actions for personal injuries, whether the person injured survive or die, to one year from the time the cause of action accrues, which, if the recovery be sought for the injuries alone, must be brought within a year from the time they were received; but if for the death, within a year of the time it occurred."

In the case of Cravens v. Louisville & Nashville Railroad Company, 188 Ky. 579, 222 S.W. 930, 931, a husband sought to recover for the loss of the services of his wife and for the loss of her society, because of personal injuries sustained by her through the negligence of the railroad company while she was a passenger on one of its trains. The sole question in that case was the applicable period of limitation. The court applied the one year statute and said: "Every one will admit that statutes of limitations are founded in public policy, and that the Legislature in enacting them is the sole judge of that public policy, unless the limitation prescribed is so short as to constitute a practical denial of justice. The quoted words of section 2515 relied on by plaintiff's counsel as bringing this case within the five-year period of limitation are immediately followed by the expression 'and not hereinafter enumerated.' Section 2516 is 'hereinafter enumerated' in the chapter and in the same article of the entire statute of limitations. So that if it contains any provision in conflict with the quotation from section 2515, relied on by plaintiff, such provision must prevail * * *."

In the case of Howard v. Middlesborough Hospital, 242 Ky. 602, 47 S.W.2d 77, appellant was a pay patient at appellee's hospital and due to negligence fell from a third story window of the hospital while delirious. He brought an action in assumpsit expressly waiving the tort. The court decided that the period of limitation was one year when the statute was construed in the light of an amendment and that the one year statute applied to all actions for physical injuries.

As we view the Howard case, it settled the rule in Kentucky that suits for physical injuries caused by the negligent acts of another or his agent must be commenced within the period of one year from the date of the alleged injury and the fact that the parties stand in contractual relation to each other or that the tort-feasor violates a statute causing the injury does not operate to change the rule or extend the time for the commencement of such actions.

In the case at bar the cause of action arose upon the principles of the common law and was perfect and complete when the injury occurred by reason of the negligence of appellee in the breach of its legal duty that a vendor of provisions or drinks selected, sold and delivered by the retailer is bound to know at his peril that the same are sound, wholesome and fit for immediate human consumption. The statutory limitation of one year commenced to run at the time of the injury and the action not having been brought until after the expiration of that period, the defense of the statute was perfect. This interpretation seems to us to be highly reasonable, for there is a manifest objection to the consideration that by merely changing the form of the action an injured person may extend the time for its commencement, when we have regard to the purpose of fixing a short term of limitation for actions arising from physical injuries which avoids the use of testimony weakened by the lapse of time. It is not to be supposed that the Legislature of the Commonwealth intended to have different periods of limitation for the recovery of damages growing out of physical injuries depending on the form of the action. No matter which form is used, the gist of the action is the wrongful injury, not the violation of a statute or the breach of an express or implied contract.

If we assume that appellant's cause of action is based on the violation of the statute, it is clearly barred under the Kentucky decisions. In the case of Robinson v. Hardaway, 293 Ky. 627, 169 S.W.2d 823, appellant had recovered a judgment against the son of the appellee for personal injuries incurred in an automobile accident. An act of the General Assembly of the Commonwealth of Kentucky (Ky.R.S., Secs. 186.470, 186.590) forbids the granting of a motor vehicle operator's license to a minor under the age of eighteen unless the application is signed by his father and the act further provides that where the father concurs in the application for the

license any negligence of the son when driving a motor vehicle upon the highway shall be imputed to the father. Appellant recovered a judgment against the son and an execution was returned "no property found" and he sought recovery from the father under the statute. The court, in deciding the one year statute of limitation applied, said: "The action is, in its final analysis, an action for injury to the person."

Appellant strongly relies on Resthaven Memorial Cemetery, Inc., et al. v. Volk, 286 Ky. 291, 150 S.W.2d 908, as being the last pronouncement of the Court of Appeals of Kentucky on the issue here. In that case the husband of a deceased wife instituted an action against the Cemetery Company to recover damages for mental pain and anguish suffered by him on learning of the disinterment and reinterment of his wife's body. The court decided the action was controlled by the five year statute of limitation but pointed out that where the gist of the action was for physical injury to the person, the one year statute applied but where the suit was for mental pain and anguish arising out of the violation of a right of the plaintiff, the five year statute applied. The court also concluded that the phrase in the one year statute "an action for an injury to the person of the plaintiff" refers to those cases where the personal injury is the gist of the action and as there was no physical injury to the plaintiff, the five year statute was applicable. The court decided that the word "rights" as used in the five year statute had a much broader meaning than the word "person" as used in the one year statute; that the former would include an injury to any right, property, physical or bodily injury or injury to the sensibilities; that is, mental anguish and the like, and that it would appear therefore that the word "person" found in the one year statute was used advisedly and with the view of taking from the broad meaning of the word "rights" as used in the five year statute bodily or physical injuries and placing such actions within the latter. The Resthaven case is not applicable to the case at bar.

Giving full weight to all the implications in the decisions of the Court of Appeals of Kentucky on the issue here, we conclude that the court adopted the rule in the Menefee case that where a contractual relation exists between persons and at the same time a duty is superimposed by or arising out of the circumstances surrounding or attending the transaction the violation of which duty constitutes a tort, the tort may be waived and assumpsit may be maintained, because the relationship of the parties out of which the duty violated grows has its inception in contract, and where the action is in assumpsit the five year statute of limitation applies.

In the Howard case, the court abandoned the rule that the form of action determined the period of limitation and adopted the rule that where the action was for consequential damages growing out of a contractual relationship the five year statute applied, because the injury was not the gist of the action, but where the action was for direct damages for an injury to the person, the one year statute applied, in the latter case even though a contractual relationship existed, the injuries being the gist of the action.

Appellant's action being for direct damages, the one year statute applies. Judgment affirmed.