## VANDEVOIR v. SOUTHEASTERN GREYHOUND LINES.

### No. 8758.

Circuit Court of Appeals, Seventh Circuit.

Nov. 30, 1945.

Writ of Certiorari Denied March 11, 1946.

See 66 S.Ct. 811.

H. B. Aikman and Ernest M. Wright, both of Terre Haute, Ind., for appellant.

Frederick P. Bamberger (of Ortmeyer, Bamberger, Ortmeyer and Foreman), of Evansville, Ind., and Frank J. Crawford (of Cooper, Royse, Gambill & Crawford), of Terre Haute, Ind., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff seeks to reverse a judgment for defendant in an action brought to recover damages for injuries sustained while a passenger on defendant's bus.

The facts are not in dispute. Defendant is a corporation organized under the laws of the State of Kentucky and has its home office and principal place of business at Lexington, Kentucky. Its business is that of a common carrier of passengers. It has a certificate of authority to operate an interstate motor vehicle transportation system in Indiana, but it is not qualified as a foreign corporation to transact intrastate business within the State of Indiana. At Evansville, Indiana, it has a garage, a resident agent, a local manager, and a number of employees to service its buses. Plaintiff is a citizen of Indiana, and the amount in controversy exceeds $3,000. June 4, 1942, at Evansville, she became a passenger on one of defendant's buses. She was injured in the State of Tennessee while enroute to Mississippi. She commenced her action on February 18, 1944.

The District Court concluded that the cause of action arose in the State of Tennessee; that defendant was a citizen and resident of the State of Kentucky; and that under the laws of Kentucky the prosecution of the action was barred after one year from the date when the action accrued.

Section 2516, Carroll's Kentucky Statutes, now codified as § 413.140, Ky.Rev.St. 1942, provides: "An action for an injury to the person of the plaintiff * * * shall be commenced within one year next after the cause of action accrued, and not thereafter."

The Civil Procedure Act of Indiana, § 2-606, Burns Ind. St.1933, provides that: "The time during which the defendant is a nonresident of the state * * * shall not be computed in any of the periods of limitation; but when a cause has been fully barred by the laws of the place where the defendant resided, such bar shall be the same defense here as though it had arisen in this state: Provided, That the provisions of this section shall be construed to apply only to causes of action arising without this state."

Plaintiff insists that the quoted Indiana statute is not available as a defense, because defendant is not a nonresident. The argument is that a corporation may be a citizen of one state and a resident of another, and that even though defendant was incorporated in and was a citizen of Kentucky, it was engaged in business in Indiana and must be regarded as a resident of Indiana, and cites a large number of cases. It will not be necessary to discuss these cases for the reason that they are either distinguishable upon the facts or hold that a corporation by transacting business in the state where the case was commenced was amenable to process in that state. No such question is involved in this case.

Defendant contends that it is a resident only of the state where it is incorporated and that the law of limitations of the State

152

of Kentucky governs the rights of the parties.

■ Our problem is, did the fact that defendant operated an interstate motor vehicle transportation system in Indiana make it a resident of that state within the purview of § 2-606? The Indiana courts, with this problem in mind, have not dealt with the question.

Defendant argues that the legal existence, the home, the domicile, the habitat, the residence, and citizenship of a corporation can only be in the state by which it was created, notwithstanding that it may lawfully do business in other states and subject itself to the processes of those states. With this contention we are impelled to agree, since many decisions of various courts have so held.

A corporation can have no legal existence outside of the sovereignty by which it was created. Its place of residence is there, and can be nowhere else. Unlike a natural person, it cannot change its domicile at will, and, although it may be permitted to transact business where its charter does not operate, it cannot on that account acquire a residence there. Germania Fire Ins. Co. v. Francis, 11 Wall. 210, 78 U.S. 210, 216, 20 L.Ed. 77. It cannot migrate, Baltimore & O. R. Co. v. Harris, 12 Wall. 65, 79 U.S. 65, 81, 20 L.Ed. 354, or change its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter. Ex parte Schollenberger, 96 U.S. 369, 377, 24 L.Ed. 853; Seaboard Rice Milling Co. v. C. R. I. & Pac. Ry. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633; Old Wayne Mutual Life Ass'n v. McDonough, 164 Ind. 321, 326, 73 N.E. 703; Hamilton v. North Pacific Steamship Co., 84 Or. 71, 164 P. 579, and cases cited.

Section 413.120 of the Kentucky Revised Statutes, 1942, provides that an action upon a contract, not in writing expressed or implied, shall be commenced within five years after the cause accrues. The second paragraph of plaintiff's complaint is on the theory that a contractual relation was created by which defendant agreed to safely transport plaintiff from Evansville, Indiana to Nashville, Tennessee, and she makes the point that if the facts disclose both a breach of a contract and a tort, she may recover in assumpsit, although the remedy in tort is barred by limitations.

■ A plain reading of the paragraph in question discloses that the substance of the complaint and the object of her cause of action was to recover damages for injuries to her person, and from what we have thus far said, it is clear that the law of Kentucky governs the disposition of plaintiff's contention.

■ The case of Cravens v. Louisville & N. R. Co., 188 Ky. 579, 222 S.W. 930, involved an action by a husband to recover for the loss of the services and society of his wife who had been injured while a passenger on defendant's railroad. The sole question was the applicable period of limitation. There, as here, plaintiff contended that the injuries grew out of a violation of the contract of carriage and that the five-year statute of limitations applied. The court held that the cause was barred after the expiration of one year. In Howard v. Middlesborough Hospital, 242 Ky. 602, 47 S.W.2d 77, the plaintiff brought an action in assumpsit expressly waiving the tort. The court held that the statute limiting actions for injury to person was applicable to injured person's action, notwithstanding election to waive tort and sue on assumpsit. The case of Finck v. Albers Super Markets, 6 Cir., 136 F.2d 191, was a suit for personal injuries. The theory of the complaint was based upon a breach of an implied contract. The Kentucky statute of limitations was pleaded. In holding that the one-year statute applied, the court at page 193 of 136 F.2d said: "* * * the cause of action arose upon the principles of the common law and was perfect and complete when the injury occurred by reason of the negligence of appellee in the breach of its legal duty. * * * It is not to be supposed that the Legislature of the Commonwealth intended to have different periods of limitation for the recovery of damages growing out of physical injuries depending on the form of the action. No matter which form is used, the gist of the action is the wrongful injury, not * * * the breach of an express or implied contract." Hence we must hold that the court did not err in applying the one-year statute.

The judgment of the District Court will be affirmed. It is so ordered.