CARLTON LAMP CORPORATION, Appellant,

v.

GENERAL ELECTRIC COMPANY.

No. 12555.

United States Court of Appeals
Third Circuit.

Argued May 9, 1958.

Decided May 20, 1958.

Bernard Hellring, Newark, N. J. (Leonard Lieberman, Newark, N. J., on the brief), for appellant.

Albert C. Bickford, New York City (Henry W. Lauterstein, New York City, on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM.

In this case, as in Dean Oil Company v. American Oil Company, 3 Cir., 254 F.2d 816, the plaintiff would be glad to have us overrule our decision in Gordon v. Loew's Inc., 1957, 247 F.2d 451. Failing in this he with great ingenuity suggests a theory by which our decision in the Gordon case would not be applicable. Giving counsel credit for great resourcefulness, we still do not see the force of the attempted distinction. We, therefore, will affirm on the authority of the Gordon case.

The judgment of the district court will be affirmed.

■

Pearl H. KOWALEWSKI, Widow of Anthony Kowalewski, Deceased, Appellant,

v.

The PENNSYLVANIA RAILROAD COMPANY, a Corporation of the State of Pennsylvania.

No. 12442.

United States Court of Appeals
Third Circuit.

Argued April 15, 1958.

Decided May 14, 1958.

See also 21 F.R.D. 244.

Clement C. Wood, Wilmington, Del., for appellant.

James L. Latchum, Wilmington, Del., for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

PER CURIAM.

The trial court found as a conclusion of law that "The decedent's negligence was a factor proximately contributing to his death, and even if defendant had been negligent, plaintiff is thereby barred from recovering on the alleged cause of action."

The underlying facts in evidence at the trial support the court's conclusion. The judgment of the district court will be affirmed.