FARBENFABRIKEN BAYER, A. G., a corporation, Plaintiff,

v.

STERLING DRUG INC., a corporation, Defendant.

Civ. A. No. 908–55.

United States District Court
D. New Jersey.

July 27, 1961.

Arnold, Fortas & Porter, by Thurman Arnold, Washington, D. C., Bailey & Schenck, Newark, N. J., for plaintiff.

Cahill, Gordon, Reindel & Ohl, by John T. Cahill, New York City, O'Mara, Schumann, Davis & Lynch, Jersey City, N. J., for defendant.

WILLIAM F. SMITH, Chief Judge.

This is a civil action under the antitrust laws, and particularly Section 1 of the Sherman Act, as amended, 69 Stat. 282, 15 U.S.C.A. § 1, and Sections 4 and 16, of the Clayton Act, 38 Stat. 731 and 737, 15 U.S.C.A. §§ 15 and 26. The action is brought by the plaintiff, a corporation organized under the laws of Germany, as the "legal successor in interest" to certain rights of Farbenfabriken vorm. Friedrich Bayer and Company, et als. The essential allegations of the complaint are summarized in the earlier opinion of this Court. Farben-

fabriken Bayer, A. G. v. Sterling Drug, 153 F.Supp. 589. There is no reason to repeat the summary in this opinion.

The history of the relationship between the parties and their predecessors is recited in the opinion filed in the companion case. Farbenfabriken Bayer, A. G. v. Sterling Drug Inc., 197 F.Supp. 613. The recital is based upon the Stipulation of Facts and the undisputed allegations of the complaint. It appears therefrom that the predecessors of the plaintiff and the defendant and its predecessors had been engaged in an unlawful combination and conspiracy in restraint of trade and commerce in pharmaceutical products prior to September 5, 1941. It also appears that the illegal contracts of 1920, 1923 and 1926 were in furtherance of the said conspiracy.

The action is before the Court at this time on a motion for summary judgment and a counter-motion for summary judgment, filed by the defendant and plaintiff, respectively, under Rules 56(b) and 56(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The motions are based upon the record thus far made, which includes the pleadings, stipulation, exhibits, and affidavits.

### Earlier Proceeding

The action was heretofore before the Court on a motion for judgment on the pleadings filed by the defendant under Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. We then treated the motion as one to dismiss the complaint. The defendant argued in support of the motion that the action was barred by Section 2A:14–1 of the New Jersey Revised Statutes, N.J.S.A. 2A:14–1, which prescribes a six year period of limitation.

The plaintiff and the defendant at that time agreed that in the absence of a federal statute of limitation the local statute of limitation was applicable. It should be noted that the present action was commenced on September 28, 1955, before the effective date of Section 4B of the Clayton Act, 15 U.S.C.A. § 15b. The parties were also in agreement as to the applicability of Section 2A:14–1 of the New Jersey Revised Statutes, supra.

The opinion of the Court was filed on July 15, 1957. The question as to when the statute of limitation commenced to run was therein decided and we held that the "statute of limitations runs from the commission of the last overt act alleged to have caused damage" and not from the time of the consequent injury. Farbenfabriken Bayer, A. G. v. Sterling Drug, supra, 153 F.Supp. 592–594, inclusive. We adhere to this view for the reasons stated in the opinion.

We held further that the provisions of Section 2A:14–1, supra, were applicable and that thereunder the claim for treble damages was barred by the six year period of limitation therein prescribed. It has since been decided by the United States Court of Appeals for this Circuit that the provisions of the said section are not applicable. Gordon v. Loew's Incorporated, 247 F.2d 451.

The precise question as to which of two local statutes was applicable was carefully considered in the case of Gordon v. Loew's, Incorporated, supra. It was therein decided that Section 2A:14–1 was not applicable to an action for treble damages under Section 4 of the Clayton Act, supra. It was held that such an action is essentially one for a penalty within the meaning of Section 2A:14–10 of the New Jersey Revised Statutes, N.J.S.A. 2A:14–10, and is barred by the two year period of limitation therein prescribed. The rule of the cited case has been followed in two later cases, to wit, Carlton Lamp Corporation v. General Electric Company, 3 Cir., 254 F.2d 815; Dean Oil Company v. American Oil Company, 254 F.2d 816, 3 Cir., certiorari denied 358 U.S. 835, 79 S.Ct. 58, 3 L.Ed.2d 72.

We are of the opinion that the claim for treble damages was properly dismissed on the earlier motion of the defendant; however, the opinion of the Court is modified to reflect the applicability of Section 2A:14–10, supra. The earlier dismissal of the claim for damages was "without prejudice to the right of

the plaintiff to apply to the Court for leave to file an amended complaint." Since the plaintiff has failed to avail itself of this right, the dismissal of the action is herein made final.

### Present Proceeding

The defendant's present motion for summary judgment is directed to the claim for injunctive relief under Section 16 of the Clayton Act, supra. It is argued that this claim is barred by the lapse of time under the doctrine of laches. We are of the opinion that this motion must be sustained for the reasons hereinafter discussed.

■ Section 4 of the Clayton Act, supra, grants to "any person * * * injured in his business or property by reason of anything forbidden in the antitrust laws" a right to maintain an action for treble damages. Section 16 of the Act, supra, grants an additional right to maintain an action for injunctive relief "against threatened loss or damage." We are of the opinion that the equitable remedy available under Section 16 is predicated upon the legal cause of action created by Section 4. It is essentially an equitable remedy in aid of a legal right created by the statute.

The statute of limitations, by its express terms, applies only to actions at law and may not be invoked as a defense against a claim exclusively equitable. However, where the equity jurisdiction is invoked in aid of a legal right, or is predicated upon a legal cause of action, equity "will withhold its remedy if the legal right is barred by the * * * statute of limitations." Russell v. Todd, 309 U.S. 280, 289, 60 S.Ct. 527, 532, 84 L.Ed. 754; see also Tobacco and Allied Stocks v. Transamerica Corp., D.C., 143 F.Supp. 323, 325, et seq., affirmed on other grounds 3 Cir., 244 F.2d 902.

The relevant rule is stated by the Supreme Court in Russell v. Todd, supra, as follows: "Even though there is no state statute applicable to similar equitable demands, when the jurisdiction of the federal court is concurrent with that at law, or the suit is brought in aid of a legal right, equity will withhold its remedy if the legal right is barred by the local statute of limitations." See also Cope v. Anderson, 331 U.S. 461, 463 et seq., 67 S.Ct. 1340, 91 L.Ed. 1602. We are of the opinion that the rule is applicable here and should be invoked to bar the claim for injunctive relief.

The rule was applied in the case of United West Coast Theatres Corp. v. South Side Theatres, D.C., 86 F.Supp. 109, at page 111, wherein it was held: "The local statute of limitations applicable to actions for damages will also be adopted and applied, in exercise of the equity jurisdiction of [the] court, to the injunctive relief sought pursuant to § 16 of the Clayton Act, 15 U.S.C.A. § 26."

The plaintiff admits the existence of a conspiracy in restraint of trade in violation of the antitrust laws prior to September 5, 1941, but alleges that its predecessor became a party to the conspiracy under economic duress and the contemporary coercion of the defendant's predecessors. The allegation is denied by the defendant, but for the purposes of the present motion we shall accept it as true.

■ An aggrieved party who joins in existing conspiracy under such circumstances is not *in pari delicto* and therefore may maintain an action for damages and for injunctive relief under Sections 4 and 16 of the Clayton Act. Ring v. Spina, 2 Cir., 148 F.2d 647, 652 et seq. See also Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 377 et seq., 47 S.Ct. 400, 71 L.Ed. 684. The predecessor to the plaintiff brought no such action. It continued performance under the illegal contracts for a period of eighteen years and continued to enjoy the benefits of the unlawful enterprise.

■ The present action is brought by the plaintiff as the "legal successor in interest" to the rights of Farbenfabriken vorm. Friedrich Bayer and Company, Leverkusen, and I. G. Farbenindustrie, I. G. Farben. We are of the opinion that if the present action for injunctive relief were one brought by either of the named predecessors of the plaintiff it would be

barred by the lapse of time under the doctrine of laches. The position of the plaintiff is no better than that of its predecessors. We are of the opinion that the equities favor the defendant.

The motion for summary judgment is granted. The defendant shall submit to the Court, on notice to the plaintiff, an appropriate order.