## Robinson v. Hardaway.

March 19, 1943.

Edrington & Redmon for appellant.

Lawrence Leopold for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

The petition in this action, filed by the appellant, J. D. Robinson, against the appellee, Dr. A. M. Hardaway, in January, 1941, alleged in substance the following facts: In the year 1938 Julian Hardaway, son of appellee and under 18 years of age, was granted a motor vehicle operator's license. Appellee signed his application therefor. An automobile being operated by Julian un-

der this license collided with the automobile of appellant, who was injured. In June, 1939, appellant filed an action for damages against Julian and in January, 1940, obtained judgment for $2,000. In November, 1940, execution was issued on this judgment and returned "no property found." Alleging that appellee was bound by the judgment against his son, the petition sought a recovery of the amount of the judgment.

The first paragraph of appellee's answer admitted the rendition of the judgment against his son but denied all other material allegations of the petition. The second paragraph pleaded the one year statute of limitation provided by section 2516 of the Kentucky Statutes (now KRS 413.140) as to an action for injury to the person. The third paragraph pleaded pure matters of law. Demurrer to the second and third paragraphs of the answer was filed but was carried back to the petition and sustained. When appellant declined to plead further the petition was dismissed. The appeal is from the judgment of dismissal.

From the briefs it appears that the demurrer was sustained by the trial court upon the theory that the action was barred by the one year statute of limitation. The question of limitation cannot be raised by demurrer to the petition, Cox v. Simmerman, 243 Ky. 474, 48 S. W. (2d) 1078 but, since appellant elected to treat the question as properly raised and now briefs the case on that question, we will consider it as properly before us.

Appellant contends 1) that the judgment against Julian Hardaway is conclusive against his father and 2) that the limitation properly applicable is that contained in section 2515 of the Kentucky Statutes (now KRS 413.120) providing a five year limitation as to "an action upon a liability created by statute, when no other time is fixed by the statute creating the liability."

The action is based on sections 2739m-41 and 2739m-53 of the Kentucky Statutes (now KRS sections 186.470 and 186.590). Section 2739m-41 forbids the granting of a motor vehicle operator's license to a minor under the age of 18 unless the application is signed by his father (with certain exceptions which have no bearing here). Section 2739m-53 is as follows:

"Any negligence of a minor under the age of eighteen years licensed upon application signed as

provided in section 9, when driving any motor vehicle upon a highway, shall be imputed to the person who shall have signed the application of such minor for said license, which person shall be jointly and severally liable, with such minor, for any damages by such negligence.''

Though we assume, without deciding, that in this action the judgment against the son is conclusive that appellant's injuries were caused by the son's negligence, it is nevertheless our conclusion that the one year statute of limitation, rather than the five year statute, is applicable to the cause of action asserted.

Section 2739m-53 merely imputes to the father the negligence of his son and provides that he shall be ''jointly and severally liable, with such minor, for any damages by such negligence.'' The action is, in its final analysis, an action for injury to the person and the mere fact that the judgment was pleaded as being conclusive against appellee does not operate to prevent it from being such. The action is not on the judgment, since it was not a judgment rendered against appellee, and allegation and proof of extraneous facts, such as the signing of the application by appellee and the age of his son, are necessary to sustain a recovery. At the most, the ultimate effect of the judgment as to appellee is its conclusiveness as to negligence and damage resulting therefrom. Clearly, the action is one for injury to the person, a conclusion further fortified by the fact that the action against father and son may be a joint one—causes of action against joint defendants are, in general, identical.

There was no implied repeal of existing statutes of limitation by section 2515 nor was it intended to preempt the field occupied by other statutes. It was designed to deal with new liabilities created by statute as to which no existing statute of limitation was applicable and it was therefore advisable to fix a limitation as to such newly created liability. While not expressly stated, this view was, in effect, adopted in Irwin v. Smith, 150 Ky. 147, 150 S. W. 22. There a widow sued for the wrongful death of her husband caused by firearms, the action being pursuant to section 4 of the Kentucky statutes which created her right of action. The same contention was made there, as here, that the five year limitation provided by section 2515 was applicable. The one

year statute was held to apply, the court saying that the widow stood in the place of the injured person. Thus, though the statute created a right of action in the widow and fixed no period of limitation, it was held that the action was one for injury to the person controlled by the one year statute. The situation there was just the reverse of the one confronting us. There a right of action for injury to the person was created for one, here a similar right of action is created against one—the legal principle is the same.

The statute under which appellee's liability is asserted merely imposes responsibility on the father for the son's negligence. A right of action, a liability for the negligence, was in existence. The statute created no new type of liability but only brought others into the area of responsibility. We think it is clear that section 2515 was not intended to embrace such a situation as this and that the one year limitation provided by section 2516 as to an action for injury to the person applies.

Affirmed.