**Wendy STIVERS and Israel Stivers, Appellants,**

v.

**Dennis ELLINGTON, Appellee.**

No. 2003–CA–001291–MR.

Court of Appeals of Kentucky.

July 16, 2004.

Kimberly Leet Razor, MacDonald, Walton & Razor, PLLC Flemingsburg, KY, for appellant.

Eric A. Hamilton, Beth A. Lochmiller, Coleman, Lochmiller, Bond & Hess, Elizabethtown, KY, for appellee.

Before BUCKINGHAM, DYCHE and TAYLOR, Judges.

## OPINION

TAYLOR, Judge.

Wendy Stivers and Israel Stivers (collectively referred to as appellants) bring this appeal from a June 2, 2003, order of the Fayette Circuit Court. We affirm.

On March 7, 2003, appellants filed a complaint against appellee in the Fayette Circuit Court. It was alleged that on March 10, 2001, while Wendy was snowboarding at Keystone Resort in Colorado, appellee was skiing downhill and collided with Wendy. Wendy claimed that appellee's negligence was the cause of the collision. Appellants also maintained Wendy suffered permanent injuries as a result of the collision. Their cause of action was premised upon the Colorado Ski Safety Act of 1979, §§ 33–44–101 *et. seq.* Appellants specifically cited to § 33–44–109(2) of the Act, which provides:

> Each skier has the duty to maintain control of his speed and course at all times when skiing and to maintain a proper lookout so as to be able to avoid other skiers and objects. However, the primary duty shall be on the person skiing downhill to avoid collision with any person or objects below him.

Subsequently, appellee filed a motion to dismiss alleging the complaint was not filed within the one-year limitations period of Kentucky Revised Statutes (KRS) 413.140(1)(a). The circuit court ultimately agreed with appellee and dismissed appellants' complaint. This appeal follows.

Appellants contend the circuit court committed error by dismissing their complaint. Specifically, they assert the circuit court erroneously applied the one-year statute of limitations found in KRS 413.140(1)(a). We disagree.

■ To determine the controlling statute of limitations in this case, we must initially analyze this Commonwealth's "borrowing statute" contained in KRS 413.320:

> When a cause of action has arisen in another state or country, and by the laws of the state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period.

Under the above statute, the Kentucky statute of limitations is controlling, unless the limitation period is shorter in the state where the action arose. *Seat v. Eastern Greyhound Lines,* Ky. 389 S.W.2d 908 (1965). Therefore, we must initially determine the applicable statute of limitations in Colorado and in Kentucky. After such determination is made, KRS 413.320 mandates that the shorter statute of limitations is to be applied. *See Ley v. Simmons,* Ky. 249 S.W.2d 808 (1952).

■ The parties agree the applicable Colorado statute of limitations is two years and is found in Colo.Rev.Stat. § 13–80–102(1)(a). There is, however, disagreement concerning the applicable Kentucky statute of limitations.

Appellee believes, as did the circuit court, that the applicable Kentucky statute of limitations is one year and is found in KRS 413.140(1)(a), which reads:

> (1) The following actions shall be commenced within one (1) year after the cause of action accrued:

(a) An action for an injury to the person of the plaintiff. . . .

Appellee argues the instant action is basically a negligence action and, thus, would be controlled by KRS 413.140(1)(a).

Conversely, appellants contend the applicable Kentucky statute of limitations is found in KRS 413.120(2), which states:

> The following actions shall be commenced within five years after the cause of action accrued:
>
> . . . .
>
> (2) An action upon a liability created by statute, when no other time is fixed by the statute creating the liability.

Appellants perceive the Colorado Ski Safety Act as creating liability by statute and, thus, believe KRS 413.120(2) to be controlling. Specifically, they argue:

> [L]iability under the Colorado Ski Safety Act of 1979, a statute which creates liability upon a showing that the Appellee violated its requirements. The liability of the Appellee as alleged by Appellants in their Complaint is created solely by the Colorado statute, without any requirement that Appellants prove the elements of what would otherwise be a general negligence claim. . . . Pursuant to KRS 413.120, the statute of limitations for an action upon a liability created by statute is five years.

Appellants' Brief at 3. We view appellants' argument as unpersuasive and believe KRS 413.140(1)(a) to be the applicable Kentucky statute of limitations.

■ In *Bayer v. Crested Butte Mountain Resort, Inc.*, 960 P.2d 70 (Colo.1998), the Supreme Court of Colorado held that violations of the Ski Safety Act constituted negligence per se. It has been observed that "negligence per se 'is merely a negligence claim with a statutory standard of care substituted for the common law standard of care. . . .' " *Real Estate Mktg., Inc. v. Franz*, Ky., 885 S.W.2d 921, 927 (1994). In fact, the only discernable difference between common-law negligence and negligence per se is "how they are proved." 57A Am.Jur.2d *Negligence* § 687 (2004).

■ At common law, the standard of care was a question of law for the court and, generally, was that of a reasonably prudent person. 57A Am.Jur.2d *Negligence* §§ 132–136 (2004). With negligence per se, the standard of care is legislatively declared by statute and a jury only determines whether the specified act prohibited or required by statute was committed. As with common-law negligence, causation and injury must still be proved in negligence per se claims. As such, we do not believe the Colorado Ski Safety Act created any new liability. Rather, the act merely substituted the legislature's determination of the standard of care for the common-law standard of care in such negligence actions.

■ Accordingly, we are of the opinion the applicable limitation period is one year as enunciated in KRS 413.140. As the Kentucky statute of limitations period of one year is shorter than the Colorado limitations period of two years, KRS 413.320 mandates that the Kentucky statute of limitations applies. We, thus, conclude appellants were time barred from filing their complaint in the Fayette Circuit Court.

For the foregoing reasons, the order of the Fayette Circuit Court is affirmed.

ALL CONCUR.