**Brandee TOCHE, Appellant,**

v.

**THE AMERICAN WATERCRAFT Association; Polaris Industries, Inc.; The Friends of Lake Cumberland, Inc.; Davis Outdoor Sports, Inc.; Dana Davis, Don Lokovich, and Lisa Price, Individually and d/b/a Jet Stream Productions & Jam Productions, Appellees.**

**No. 2004–CA–001074–MR.**

Court of Appeals of Kentucky.

Nov. 4, 2005.

Jonathon N. Amlung, Louisville, KY, for Appellant.

R. William Tooms, London, Jennifer A. Peterson, Louisville, KY, for Appellee The American Watercraft Association.

Donald P. Moloney, II, Andrew DeSimone, Lexington, KY, George W. Soule, David S. Miller, Minneapolis, MN, for Appellee Polaris Industries, Inc.

R. Kent Westberry, Caroline Pitt Clark, Jennifer A. Peterson, Louisville, KY, for Appellee The Friends of Lake Cumberland, Inc.

No Briefs for appellees Davis Outdoor Sports, Inc.; Dana Davis, Don Lokovich, and Lisa Price, Individually and d/b/a Jet Stream Productions & Jam Productions.

Before MINTON and SCHRODER, Judges; EMBERTON, Senior Judge.[1]

## OPINION

SCHRODER, Judge.

This appeal concerns the statute of limitations for injuries suffered in a personal watercraft accident. Having concluded that the trial court correctly applied the one-year statute of limitations for personal injury actions of KRS 413.140(1)(a), we affirm.

On May 17, 2002, appellant, Brandee Toche, sustained serious personal injury while she was a passenger riding on the back of a personal watercraft commonly referred to as a "waverunner." Matthew Moseley was operating the waverunner at

1. Senior Judge Thomas D. Emberton sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

the time of the accident, which occurred on Lake Cumberland in Russell County, Kentucky. Toche's complaint alleged that the accident occurred when an individual, Don Lokovich, was operating another waverunner in such a negligent way so as to bring about a collision between the two waverunners.

The accident took place during an event known as the Lake Cumberland PWC Jamboree and Freestyle Fest, referred to as "The Jam". The complaint alleged that The Jam was organized and directed by two of the appellees, The American Watercraft Association ("AWA") and The Friends of Lake Cumberland, Inc. ("FLC"). The complaint further alleged that appellee, Polaris Industries, Inc. ("Polaris"), was the primary sponsor of The Jam, which provided Polaris with the opportunity to market its personal watercraft. It was alleged that Lokovich was operating a Polaris personal watercraft on behalf of Polaris in an effort to promote Polaris products, and that the watercraft may have been owned by Polaris.

Toche filed her complaint on June 27, 2003, approximately one year and one month following the accident. The action was filed against several defendants, including appellees Polaris, the AWA, and the FLC.

Polaris moved for summary judgment on grounds that Toche's claims were barred by the one-year statute of limitations for bodily injury claims per KRS 413.140(1)(a). The AWA and the FLC joined in the motion. In an order entered May 3, 2004, the trial court dismissed Toche's complaint as to the moving parties as untimely filed as it was not within the one-year statute of limitations for personal injury actions under KRS 413.140. This appeal followed.

On appeal, Toche contends that the trial court erred in finding that the one-year statute of limitations of KRS 413.140 applies to her claims. KRS 413.140(1) provides: "The following actions shall be commenced within one (1) year after the cause of action accrued: (a) An action for an injury to the person of the plaintiff. . . ." Toche contends that KRS 413.120, not KRS 413.140(1)(a), is controlling, on grounds that her claims arise by statute. KRS 413.120, provides: "The following actions shall be commenced within five (5) years after the cause of action accrued: . . . (2) An action upon a liability created by statute, when no other time is fixed by the statute creating the liability."

▌ Toche argues that, as to her claims, liability is created by statute, KRS Chapter 235 ("Boats and Boating"), in particular, KRS 235.300, "Civil liability for negligent operation", which provides: [2]

The operator of a vessel or motorboat shall be liable for any injury or damage occasioned by the negligent operation of such vessel or motorboat, whether such negligence consists of a violation of the provisions of the statutes of this state or neglecting to observe such ordinary care and operation as the rules of the common law require. Where the owner is not the operator of the vessel or motorboat he shall not be liable for such injury or damage unless such owner is

---

**2.** KRS Chapter 235, "Boats and Boating", governs watercraft in the Commonwealth, including registration, operations, and safety. It is undisputed that the type of personal watercraft at issue are included in the definition of "vessel" for purposes of KRS Chapter 235. See KRS 235.010(1) and (4). Toche's complaint alleged violations of several provisions of KRS Chapter 235. Toche also cites in particular to KRS 235.285(4) which states, in part: "A personal watercraft or motorboat operated on public waters shall at all times be operated according to the 'Rules of the Road' and in a reasonable and prudent manner so as not to endanger human life, human physical safety, or property."

aboard the vessel or motorboat at the time of such injury or damage or unless the operator at such time of injury or damage is operating said boat upon the owner's business or in the course and scope of his employment with the owner. The "Family Purpose Doctrine" as it is applied in the use and operation of automobiles shall be applicable to the use and operation of vessels or motorboats. Nothing contained herein shall be construed to relieve any other person from any liability which he would otherwise have, but nothing contained herein shall be construed to authorize or permit any recovery in excess of injury or damage actually incurred.

Toche contends that because KRS Chapter 235 does not set forth a time limitation for bringing a civil action, per KRS 413.120(2), the five-year period applies. We disagree with Toche that KRS 413.120(2) applies to her claims.

A panel of this court considered a similar argument in *Stivers v. Ellington,* 140 S.W.3d 599 (Ky.App.2004), wherein the snowboarding appellant was injured when she collided with the downhill skiing appellee in Colorado. The appellant's complaint, which claimed the appellee's negligence caused the collision which resulted in her injuries, was dismissed as untimely filed per the one-year limitations period of KRS 413.140(1)(a). The appellant argued the action was governed by the five-year limitations period of KRS 413.120 on grounds that liability was created by statute, the Colorado Ski Safety Act, which provided, in part:

> Each skier has the duty to maintain control of his speed and course at all times when skiing and to maintain a proper lookout so as to be able to avoid other skiers and objects. However, the primary duty shall be on the person

skiing downhill to avoid collision with any person or objects below him.

*Id.* at 600. The *Stivers* court concluded that the Colorado Ski Safety Act did not create any new liability, but "merely substituted the legislature's determination of the standard of care for the common-law standard of care in such negligence actions." *Id.* at 601. Accordingly, the court held the applicable statute of limitations as one year per KRS 413.140(1)(a).

In *Robinson v. Hardaway,* 293 Ky. 627, 169 S.W.2d 823 (1943), the appellant was injured in an automobile collision caused by the negligence of the minor son of the appellee. Appellant obtained a judgment against the son for the injuries sustained. Execution on the judgment returned "no property found." Appellant therefore sought to recover the amount of the judgment from the appellee (the minor's father) pursuant to then section 2739m–53 of the Kentucky Statutes (now KRS 186.590) which provided that "[a]ny negligence of a minor ... when driving any motor vehicle upon a highway, shall be imputed to the person who shall have signed the application of such minor for said license, which person shall be jointly and severally liable, with such minor, for any damages by such negligence." *Robinson,* at 824. The trial court found appellant's action barred by the one-year statute of limitation for personal injury per then section 2516 of the Kentucky Statutes (now KRS 413.140). Appellant argued that the five-year statute of limitations of section 2515 of Kentucky Statutes (now KRS 413.120) applied because section 2739m–53 created liability by statute. The *Robinson* court disagreed, concluding that the one-year period, per section 2516, applied, rather than the five-year period of section 2515, because "[t]he action is, in its final analysis, an action for injury to the person...." *Id.* The court went on to explain:

The statute under which appellee's liability is asserted merely imposes responsibility on the father for the son's negligence. A right of action, a liability for the negligence, was in existence. The statute created no new type of liability but only brought others into the area of responsibility. We think it is clear that section 2515 was not intended to embrace such a situation as this and that the one year limitation provided by section 2516 as to an action for injury to the person applies.

*Id.*

In the present case, KRS 235.300 merely codifies common law liability and does not create a new theory of liability. Toche's claim is still a basic personal injury claim under common law. We therefore conclude that the trial court correctly found that the one-year statute of limitations of KRS 413.140(1)(a) applied.

■ We next address Toche's argument that the five-year statute of limitations of KRS 413.120 applies to her claims against the AWA and the FLC because the action is based in part on civil liability arising out of KRS 446.070. Lisa Price, a promoter of The Jam, received citations from the U.S. Corps of Engineers for federal violations related to The Jam.[3] Toche contends that Price was acting as an agent of the AWA and the FLC, and that one of the violations (failure to follow posted restrictions, in violation of 36 CFR § 327.21(a)) has a nexus to her injuries. Toche contends that Price's violation of this federal regulation permits her to recover under the "per se" statute, KRS 446.070, which provides: "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." Toche contends that because KRS 446.070 does not set forth any limitation period for filing suit, that the applicable statute of limitations is five years per KRS 413.120(2). Again, we disagree with Toche that KRS 413.120(2) applies. KRS 446.070 does not create a new theory of liability. *See Alderman v. Bradley,* 957 S.W.2d 264, 267 (Ky.App.1997) ("KRS 446.070 was enacted to ensure that a person for whose benefit a statute was enacted may recover from an offender although the statute does not prescribe a civil remedy for violation.").[4] As discussed above, Toche's claim is a basic personal injury claim under common law. *See Robinson,* 293 Ky. 627, 169 S.W.2d 823. Accordingly, the applicable statute of limitations is one year per KRS 413.140(1)(a).

For the aforementioned reasons, the May 3, 2004 order of the Russell Circuit Court dismissing Toche's claims against Polaris Industries, Inc., The Friends of Lake Cumberland, Inc., and The American Watercraft Association is affirmed.

ALL CONCUR.

---

**3.** Citations for failure to pay permit fee in violation of 36 CFR § 327.23(a) and failure to follow posted restrictions in violation of 36 CFR § 327.21(a).

**4.** Although we are deciding this case on statute of limitations grounds, we note that KRS 446.070 is limited to violations of Kentucky statutes and does not extend to federal regulations. *Alderman,* 957 S.W.2d at 266.