James OVERSTREET, Administrator of the Estate of Lula Belle Gordon, Deceased, Appellant

v.

KINDRED NURSING CENTERS LIMITED PARTNERSHIP, d/b/a Harrodsburg Health Care Center; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare, Inc.; Kindred Healthcare Operating, Inc.; and Kindred Rehab Services, Inc., d/b/a Peoplefirst Rehabilitation, Appellees

2013–SC–000620–DG

Supreme Court of Kentucky.

RENDERED: AUGUST 20, 2015

Rehearing Denied February 18, 2016

COUNSEL FOR APPELLANT: Robert Earl Salyer, Corey Tomas Fannin, Wilkes & McHugh, P.A.

COUNSEL FOR APPELLEE: Donald Lee Miller, II, Kristin M. Lomond, James Peter Cassidy, III, Quintairos, Prieto, Wood & Boyer P.A., Louisville

OPINION OF THE COURT BY
JUSTICE VENTERS

KRS 216.515 sets forth certain rights of nursing home residents. In this appeal we address the statute of limitations applicable to actions brought pursuant to that statute. We also consider whether actions based upon rights created by KRS 216.515 survive the death of the nursing home resident so that such actions may be brought after the resident's death by the personal representative of the resident's estate.

Ultimately, we conclude that claims brought under KRS 216.515(6) are subject to the one-year limitation period prescribed by KRS 413.140, to the extent that such actions seek to recover for personal injuries indistinguishable from a common law personal injury action. In contrast, actions brought pursuant to other subsections of KRS 216.515, to the extent they assert liabilities created exclusively by KRS 216.515, are subject to the five-year statute of limitations provided by KRS 413.120(2). We also conclude that actions to recover for personal injury to a nursing home resident, or for injury to the resident's real or personal property, pursuant to KRS 411.140, survive the resident's death and may be brought by the personal representative of an injured resident's estate. In contrast, actions otherwise brought to enforce rights created exclusively by KRS 216.515 must be brought by the "resident or his guardian" pursuant to KRS 216.515(26), and therefore do not survive the resident's death. Accordingly, we affirm the decision of the Court of Appeals, although we do so partly upon different grounds.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts essential to the issues of this appeal are not in dispute. Harrodsburg Health Care Center (HHCC) is a "long-term care facility" as defined in KRS 216.510(1). Lula Belle Gordon was admitted as a resident of the facility in 2002 and she remained in residence there until her death in May of 2008. More than three years after the death of Gordon, Appellant James Overstreet, Administrator of the Estate of Gordon, filed suit in the Mercer Circuit Court against several entities, including HHCC's parent company, Kindred Nursing Centers Limited Partnership.

We refer to those entities collectively as "Kindred."[1] The complaint alleged that Kindred violated several provisions of KRS 216.515 in its treatment and care of Gordon, resulting in her injury and death.[2]

In due course, Kindred moved to dismiss the action pursuant to CR 12.02(f) for failure to state a claim upon which relief may be granted based, in part, upon grounds that the claims were time barred. At the same time, Kindred also asserted a counterclaim for a declaratory judgment seeking the court's determination that the action should be dismissed based upon the statute of limitations.[3] Kindred argued that despite the invocation of KRS 216.515,

Overstreet's cause of action was simply a common law personal injury action subject to the one-year limitation provided by KRS 413.140, with the possible extension of an additional year pursuant to KRS 413.180.[4] In opposition, Overstreet argued that his action was timely filed because it was based upon a statutory cause of action, for which KRS 413.120(2) set the controlling limitations period. KRS 413.120(2) provides a five-year statute of limitations for "[a]n action upon a liability created by statute, when no other time is fixed by the statute creating the liability."[5]

On November 30, 2011, the circuit court entered an order holding that the five-year

1. The Complaint identified as defendants: Kindred Nursing Centers Limited Partnership, d/b/a Harrodsburg Health Care Center (HHCC); Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare, Inc.; Kindred Healthcare Operating, Inc.; Kindred Rehab Services, Inc., d/b/a Peoplefirst Rehabilitation; Vicki Trump in her capacity as Administrator of Harrodsburg Health Care Center; and "John Does 1 through 5, Unknown Defendants." Trump was dismissed by agreed order prior to the trial court's final judgment. She and the Unknown John Does are not named as Appellees in this appeal.

2. Paragraph 26(f) of the complaint alleges a "violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to the provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act." So far as we can determine from the record, Overstreet never specifically identifies any federal standards in support of his claims and so we do not further discuss that aspect of the complaint.

3. Kindred also argued that HHCC's corporate affiliates should be dismissed as defendants on the grounds that they were not "long-term

care facilities" as defined in KRS 216.510, and therefore not subject to the requirements of KRS 216.515. The trial court agreed, and dismissed the claims against those entities. The Court of Appeals did not address that aspect of Kindred's arguments, and because we sustain the dismissal on other grounds, we likewise decline to address the point.

4. KRS 413.180, in effect, tolls the running of a statute of limitations for up to one year following the death of the injured party to enable the qualification of a personal representative who can pursue the claim. It provides: "(1) If a person entitled to bring any action mentioned in KRS 413.090 to 413.160 dies before the expiration of the time limited for its commencement and the cause of action survives, the action may be brought by his personal representative after the expiration of that time, if commenced within one (1) year after the qualification of the representative. (2) If a person dies before the time at which the right to bring any action mentioned in KRS 413.090 to 413.160 would have accrued to him if he had continued alive, and there is an interval of more than one (1) year between his death and the qualification of his personal representative, that representative, for purposes of this chapter, shall be deemed to have qualified on the last day of the one-year period."

5. KRS 216.515 does not itself provide for a limitation period within which claims brought thereunder must be filed.

statute of limitations provided for in KRS 413.120(2) applied, reasoning that Overstreet's cause of action was based upon a violation of Gordon's statutory rights under KRS 216.515; that Overstreet had standing to bring the complaint in accordance with KRS 411.140, the survivorship statute; and dismissing Overstreet's claims against the affiliated companies.

Following appeal, the action was remanded to the trial court with directions to address Kindred's declaratory judgment claim. The trial court did so, reiterating the holdings from its original order of November 30, 2011. On subsequent appeal, the Court of Appeals reversed the trial court's decision and ordered the dismissal of Overstreet's claims. The Court of Appeals regarded *all* aspects of Overstreet's claims under KRS 216.515 as incident to a common law personal injury action and, therefore, subject to the one-year limitations period. Because the action was not filed within that time, the Court of Appeals held that it must be dismissed. We granted discretionary review to examine the statute of limitations applicable to claims arising under KRS 216.515.

Because only issues of law are involved in our interpretations of KRS 216.515, Overstreet's cause of action, and in our assessment of the proper statute of limitations applicable to the causes of action at issue in this case, our review is *de novo*. *Grange Mutual Insurance Co. v. Trude*, 151 S.W.3d 803, 810 (Ky.2004).

In construing KRS 216.515 and the associated statutes at issue in this case, it is fundamental that our foremost objective is to determine the legislature's intent, looking "first to the language of the statute, giving the words their plain and ordinary meaning." *Richardson v. Louisville/Jefferson County Metro Government*, 260 S.W.3d 777, 779 (Ky.2008). Further, we construe a "statute only as written, and

the intent of the Legislature must be deduced from the language it used, when it is plain and unambiguous...." *Western Kentucky Coal Co. v. Nall & Bailey*, 228 Ky. 76, 14 S.W.2d 400, 401–02 (1929). When a statute is unambiguous, we do not consider extrinsic evidence of legislative intent and public policy. *County Bd. of Educ. Jefferson County v. Southern Pac. Co.*, 225 Ky. 621, 9 S.W.2d 984, 986 (1928). However, if the statutory language is ambiguous, we look to other sources, including legislative history and public policy considerations, to ascertain what the legislature meant. *MPM Financial Group, Inc. v. Morton*, 289 S.W.3d 193, 198 (Ky. 2009). Further, we "read the statute as a whole, and with other parts of the law of the Commonwealth, to ensure that our interpretation is logical in context." *Lichtenstein v. Barbanel*, 322 S.W.3d 27, 35 (Ky.2010).

. . .

## II. ANALYSIS

### A. The Statute of Limitations Applicable to Actions Brought under KRS 216.515

The central question of this appeal is whether claims brought under KRS 216.515 are subject to the five-year limitations period established by KRS 413.120(2) for "[a]n action upon a liability created by statute[.]" Our resolution of that issue compels us to parse more precisely the nature of the rights and liabilities created by the various subsections of KRS 216.515 upon which Overstreet bases his claims. We begin with the application of the following general principle.

The five-year limitation period provided by KRS 413.120(2) for claims brought pursuant to a statute does *not* apply to claims based on a statutory provision that "merely codifies common law liability and does not create a new theory of

liability." *Toche v. American Watercraft,* 176 S.W.3d 694, 698 (Ky.App.2005). In *Toche,* the Court of Appeals recognized that a claim brought under KRS 235.300 ("Civil liability for negligent operation [of boats]") did not create "a new theory of liability;" but was instead merely a codification of the basic personal injury claim in the context of a boating accident. Consequently, the one-year statute of limitations for common law personal injury claims applied. Unless the statute codifying a common law liability expressly provides otherwise, the applicable statute of limitation is the one that applies to the common law cause of action. The rationale for that principle is obvious and sound: a theory of liability cannot be regarded as having been "created by statute" as stated in KRS 413.120(2) if it otherwise existed at common law prior to the enactment of the statute.

In *Stivers v. Ellington,* 140 S.W.3d 599 (Ky.App.2004), the Court of Appeals held that the statutory foundation of the plaintiffs personal injury claim did not create a new liability; rather, it "merely substituted the legislature's determination of the standard of care for the common-law standard of care in such negligence actions." *Id.* at 601. Accordingly, the one-year limitation of KRS 413.140(1)(a) for personal injury claims applied. In *Robinson v. Hardaway,* 293 Ky. 627, 169 S.W.2d 823 (1943), our predecessor court explained that the five-year limitations period established by KRS 413.120(2) "was designed to deal with new liabilities created by statute as to which no existing statute of limitation was applicable" and was not intended to "repeal" or "pre-empt" existing limitation periods for common law causes of action. *Id.* at 824. To apply this general principle

in this case, we must look closely at the nature of liabilities ostensibly created in KRS 216.515 and upon which Overstreet's claims are founded.

**1. Some theories of liability invoked by Overstreet under KRS 216.515 are subject to the five-year limitation of KRS 413.120(2).**

■ KRS 216.515 consists of twenty-six subsections enumerating specific rights conferred upon residents of "long-term-care facilities." Those rights may be fairly characterized as providing a variety of protections relating to a resident's personal property, privacy, medical confidentiality, financial security, personal security, and social interaction. Overstreet's complaint specifically alleges the following violations of KRS 216.515:

a. the right to be treated with consideration, respect, and full recognition of her dignity and individuality, KRS 216.515(18);

b. the right to be suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming, KRS 216.515(20);

c. the right to have a responsible party or family member notified immediately of any accident, sudden illness, or anything unusual involving the resident, KRS 216.515(22);

d. the right to have an adequate and appropriate residential care plan developed and implemented [6]; and

e. the right to be free from abuse and neglect, KRS 216.515(6).

The complaint further alleges that, as a result of these violations, Gordon suffered "Unnecessary loss of personal dignity, extreme pain and suffering, hospitalizations,

---

**6.** While the violations alleged by Overstreet generally mirror the language of KRS 216.515, we are unable to precisely match this particular claim with a corresponding subsection of KRS 216.515.

degradation, mental anguish, disability, disfigurement and loss of life, all of which were caused by the wrongful conduct of [HHCC]." According to the complaint, as a result of these violations Gordon suffered:

accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following: (a) pressure sores; (b) urinary tract infections; (c) upper respiratory infections; (d) infections; (e) falls; (f) bruising; (g) skin tears; (h) fracture; (i) weight loss; (j) dehydration; (k) subdural hematoma; and (l) death.

The Court of Appeals concluded that Overstreet's complaint under KRS 216.515 asserted nothing more than a common law action for personal injury, and that despite "various standards of care created by the legislature," KRS 216.515 created no new theories of liability. Accordingly, and pursuant to the general principle cited above, the Court of Appeals held that the complaint was completely barred by the one-year statute of limitations applicable to personal injury actions. We do not entirely agree with that conclusion.

The liabilities created for violating at least *some* of the rights set forth in KRS 216.515, and upon which Overstreet bases his cause of action, have no apparent nexus with a common law personal injury action. For example, Gordon's rights as a nursing home resident to "be treated with consideration, respect, and full recognition of

7. KRS 216.515(18)

8. KRS 216.515(20)

9. KRS 216.515(9)

10. KRS 216.515(12)

11. KRS 216.515(14)

12. KRS 216.515(21)

[her] dignity"[7] and "to be suitably dressed at all times"[8] are not necessarily related to a common law personal injury action. By virtue of KRS 216.515, those rights exist independent of any claim for personal injury. Similarly, other rights provided in KRS 216.515, including some not asserted by Overstreet, have no inherent connection with a cause of action for personal injury. For example, the resident's rights to spousal visits,[9] to wear her own clothing,[10] to participate in social and religious activities,[11] and to have access to a telephone,[12] exist independently of a claim for personal injury. These legislatively-established rights, along with others provided by KRS 216.515, are not codifications of common law causes of action; nor are they new standards of care attached to established common law claims. Rather, they exist by virtue of the statute outside the context of any common law cause of action. They are, indeed, new theories of liability not otherwise available under the common law causes of action. These rights are established statutorily by KRS 216.515(26), which provides that "[a]ny resident whose rights as specified in this section are deprived or infringed upon shall have a cause of action against any facility responsible for the violation."

Given the nature of the rights bestowed in many subsections of KRS 216.515, we have no difficulty in concluding that the legislature intended to do something more than codify standards of care relating to the personal injury claims of nursing home residents.[13] Consequently, we are satis-

13. To be sure, in some circumstances the rights conferred under subsections (1–5) and (7–25) may overlap with common law causes of action other than personal injury. Further analysis of these subsections to see what interconnection they may have with a common law counterpart is beyond the scope of this opinion.

fied that claims based upon these new theories of liability are subject to the five-year limitation period of KRS 413.140. That would include Overstreet's claims for violations of KRS 216.515(18) (the right to be treated with consideration, respect, and full recognition other dignity and individuality); KRS 216.515(20) (the right to be suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming); and, KRS 216.516(22) (the right to have a responsible party or family member notified immediately of any accident, sudden illness, or anything unusual involving the resident). Such claims are not subject to the one-year limitation period for personal injury claims. However, this conclusion does not resolve the issue before us. Our review of the statute and its application in this case continues. As obvious as it is to us that some subsections of KRS 216.515 represent new theories of liability, it is equally obvious that Overstreet's invocation of Subsection (6) of KRS 216.515 is nothing other than a common law personal injury claim.

## 2. Overstreet's claim for personal injury under KRS 216.515(6) is subject to the one-year statute of limitations (KRS 413.140) applicable to personal injury claims.

The type of injury for which KRS 216.515(6) provides recompense is distinguishable from other subsections of the statute upon which Overstreet relies. Subsection (6) provides that "All residents shall be free from mental and physical abuse ... except in emergencies or except as thoroughly justified in writing by a physician for a specified and limited period of time and documented in the resident's medical record." One of the ordinary and foreseeable consequences of physical or mental abuse is personal injury to the abused person. Subsection 6 encompass-

es, in the context of a nursing home environment, the traditional common law duty to avoid negligently or intentionally injuring another person. Unlike conduct that, for example, violates one's right of access to a telephone or one's right to be suitably dressed in one's own clothing as provided elsewhere in KRS 216.515, the right afforded by subsection 6—to be free of physical abuse, as asserted by Overstreet, does not present a new theory of liability.

Of course, it is certainly possible that circumstances could arise in which a claim, not cognizable as a common law personal injury claim, could nevertheless be characterized as "physical or mental abuse" so as to be asserted as a statutory claim under KRS 216.515(6). We do not purport in this opinion to decide the full parameters of subsection (6). We hold simply that the specific injuries alleged by Overstreet fit squarely within the traditional parameters of a common law cause of action for personal injury.

KRS 413.120(2) provides a five-year statute of limitations for "action[s] upon a liability created by statute." To the extent that Overstreet alleges personal injuries suffered by Gordon, his theory of liability was established at common law; it is not "a liability created by statute." Pursuant to the rule enunciated in Toche and Stivers, the enactment of KRS 216.515(6) did not supplant the one-year limitation of KRS 413.140(1)(a) in favor of the five-year limitation of KRS 413.120(2), even in the context of nursing home injuries.

Overstreet's complaint was filed more than three years after Gordon's death. Even allowing for the extension provided by KRS 413.180, it is evident that these claims were brought well beyond the expiration of the limitations period. Accordingly, with respect to Overstreet's claims

seeking damages for personal injury, we affirm the opinion of the Court of Appeals.

## B. Survival of Overstreet's Remaining Claims

■ Some of Overstreet's KRS 216.515 claims were not in the nature of a personal injury action, and thus were not necessarily extinguished by the expiration of the one-year limitation period. We must next address whether those claims survived Gordon's death, such that they could be properly brought by the administrator of her estate. Kindred points out that KRS 216.515(26) explicitly provides that "any resident" of a long-term care facility "shall have a cause of action" for deprivations and infringements upon the rights provided by the statute. Kindred also notes that the statute specifies that such actions may be brought "by the resident or his guardian," which Kindred interprets to mean *only* the resident or his guardian. Kindred's argument suggests that by designating "resident or his guardian," the legislature signified that the causes of action created by the statute were only for the benefit of a living resident, since guardians serve only during the lifetime of the ward, thereby excluding the possibility of a posthumous action to remedy the violations of a resident's rights under the statute. Overstreet responds that his authority to bring the actions as administrator is conferred by the survivorship statute, KRS 411.140.

Upon review of the relevant statutory text, we are compelled to agree with Kindred. First, KRS 411.140 allows for the survival of actions to recover damages for

"personal injury" and "injury to real or personal property." It provides:

No right of action for personal injury or for injury to real or personal property shall cease or die with the person injuring or injured, except actions for slander, libel, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury.[14]

So, to the extent that Overstreet's claims are based upon the common law personal injury cause of action or a wrongful death claim, they survive Gordon's death and, in the normal course of events, could have been brought by Overstreet as Gordon's personal representative. However, as noted above, the statute of limitations for those claims had expired long before the action was initiated. To the extent that the claims are based upon liabilities created by KRS 216.515, and are not simply restatements of the common law personal injury action, KRS 411.140 does not provide for their survival beyond the death of the resident.

■ This construction of the statutory language is consistent with the apparent purpose of KRS 216.515 to 216.530. For the most part, these legislative provisions are designed to enhance the quality of living conditions for nursing home residents. They authorize court action as needed to compel compliance with statutory protections designed for the benefit and enjoyment of residents during their lifetimes. There is nothing to be gained in a posthumous action, for example, to vindicate the resident's right of access to a telephone or to wear her own clothing. And, in the event that such violations actually resulted in injury to the resident or

14. The statute also provides that "For any other injury an action may be brought or revived by the personal representative, or against the personal representative, heir or devisee, in the same manner as causes of action founded on contract." Overstreet makes no allegation that this section of KRS 411.140 is applicable or that he brought the lawsuit "in the same manner as causes of action founded on contract."

damage to his property, then the existing common law causes of action would survive pursuant to KRS 411.140, to redress the grievance on behalf of his estate. Overstreet's claims asserted under KRS 216.515 which do not allege injuries to Gordon's person or property are not saved by KRS 411.140.

## C. Summary

In summary, Overstreet's claim under KRS 216.515(6) does not assert a claim for relief based upon a liability created by the statute. As relevant to Overstreet's claim, KRS 216.515(6) simply represents a codification in the nursing home context of the common law personal injury cause of action. It is, therefore, subject to the one-year statute of limitation otherwise provided for personal injury actions. Because Overstreet did not bring that aspect of his complaint within the applicable statute of limitations, we affirm the Court of Appeals' conclusion that it was properly dismissed.

We are further persuaded that the other causes of action based upon provisions of KRS 216.515, for which Overstreet seeks redress, are "liabilities created by statute," and, therefore, are subject to the five-year limitations period established by KRS 413.120. However, those causes of action do not fit within the survival provisions of KRS 411.140 and, based upon the language of KRS 216.515(26), must be brought during the lifetime of the resident by the resident or his guardian.

## III. CONCLUSION

For the foregoing reasons, we affirm the decision of the Court of Appeals although we do so upon slightly different grounds.

All sitting. All concur.