RENDERED: MARCH 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0276-MR

JORDAN BROWN                                                            APPELLANT

APPEAL FROM MUHLENBERG CIRCUIT COURT
v.           HONORABLE BRIAN WIGGINS, JUDGE
ACTION NO. 21-CR-00336

COMMONWEALTH OF KENTUCKY                                                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; DIXON AND GOODWINE, JUDGES.

GOODWINE, JUDGE: Jordan Brown ("Brown") appeals the February 9, 2022

judgment of the Muhlenberg Circuit Court. We affirm.

On August 28, 2021, Brown overdosed at the home of Chandra

Walker ("Walker"). Walker called 911. Both law enforcement and emergency

medical services ("EMS") responded to the call. EMS found Brown unresponsive,

administered Narcan, and transported Brown to the hospital. Police searched

Brown and his surroundings and discovered a loaded syringe, a scale, heroin, and an ounce of methamphetamine.

As a result of this incident, Brown was indicted on one count of trafficking in controlled substances in the first degree.[1]  Thereafter, Brown filed a motion to dismiss, arguing KRS 218A.133 bars prosecution for trafficking.  The trial court denied the motion.  Brown then entered a conditional guilty plea and, upon entry of the final judgment, he was sentenced to seven years' imprisonment.  This appeal followed.

We review questions of statutory interpretation *de novo*, giving no deference to the findings of the trial court.  *Wilson v. Commonwealth*, 628 S.W.3d 132, 140 (Ky. 2021).

> A person shall not be charged with or prosecuted for a criminal offense prohibiting the possession of a controlled substance or the possession of drug paraphernalia if:
>
> (a) In good faith, medical assistance with a drug overdose is sought from a public safety answering point, emergency medical services, a law enforcement officer, or a health practitioner because the person:
>
> 1.  Requests emergency medical assistance for himself or herself or another person;

---

[1] Kentucky Revised Statutes ("KRS") 218A.1412, a Class C felony.

> 2. Acts in concert with another person who requests emergency medical assistance; or
>
> 3. Appears to be in need of emergency medical assistance and is the individual for whom the request was made;
>
> (b) The person remains with, or is, the individual who appears to be experiencing a drug overdose until the requested assistance is provided; and
>
> (c) The evidence for the charge or prosecution is obtained as a result of the drug overdose and the need for medical assistance.

KRS 218A.133(2). Brown argues the Commonwealth was prohibited from charging him with trafficking in a controlled substance because the offense resulted from evidence discovered as a result of his overdose and subsequent medical treatment.

Prosecution for trafficking offenses is not prohibited by KRS 218A.133. It is fundamental to statutory construction that we first look "to the language of the statute, giving the words their plain and ordinary meaning." *Overstreet v. Kindred Nursing Centers Limited Partnership*, 479 S.W.3d 69, 73 (Ky. 2015) (citation omitted). Where the language of the statute is unambiguous, we will not consider extrinsic evidence, including evidence of legislative intent. *Id.* (citation omitted).

KRS 218A.133 specifically prohibits charging or prosecuting an individual for criminal offenses related to **possession** of controlled substances

and/or paraphernalia.  The statute does not mention trafficking offenses.

Trafficking offenses are distinct from possession charges.  Trafficking is separately

defined as "to manufacture, distribute, dispense, sell, transfer, or possess with

intent to manufacture, distribute, dispense, or sell a controlled substance[.]"  KRS

218A.010(56).  The General Assembly unambiguously chose only to prohibit

charging or prosecuting for possession offenses but not for trafficking offenses.

Based on the foregoing, the February 9, 2022 judgment of the

Muhlenberg Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky