RENDERED: JULY 18, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1223-MR

JOSEPH SMITH					APPELLANT


APPEAL FROM PIKE CIRCUIT COURT
v.		HONORABLE HOWARD KEITH HALL, JUDGE
ACTION NO. 23-CI-00706


CHILDERS OIL CO.					APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND MOYNAHAN, JUDGES.

MOYNAHAN, JUDGE: The Appellant, Joseph Smith ("Smith"), appeals from an order of the Pike Circuit Court that granted summary judgment and dismissed his action against the Appellee, Childers Oil Company ("Childers"). After careful review, we AFFIRM.

# I.    BACKGROUND

Smith is a retired electrician residing in Louisa, Kentucky. On February 16, 2022, he stopped by the Double Kwik Mart in Pike County to wash his vehicle, a Ford EcoSport. The Double Kwik car wash has a stationary bay that customers park in while machinery automatically washes the vehicle. Unfortunately, an arm on the automatic car wash malfunctioned during Smith's visit. It hit the rear door of Smith's parked vehicle, pushing it about two feet forward while he was sitting inside.

After the car wash shut off, Smith went inside to inform the manager about the malfunction. The manager took photos of Smith's dented vehicle and completed a company incident report. There was no discussion of any physical injury. Childers, Double Kwik's parent company, promptly filed a damage report, and its insurer subsequently paid Smith approximately $1,200 for vehicle repairs. Smith testified that the door was repaired, not replaced, and that he still has and uses the vehicle. He also testified that he could not remember who repaired the vehicle or exactly how much the repair work cost.

In his deposition, Smith said his neck started bothering him about three days after the reported incident. However, medical records show that he sought treatment at the Veterans Administration hospital in Huntington, West

Virginia the very next day, February 17. On that date he complained of neck pain radiating into his left shoulder which he attributed to the incident at the car wash.

Smith filed a complaint against Childers on August 9, 2023, approximately seventeen months after the incident occurred. He alleged that Childers negligently maintained the carwash, breached its duty to maintain the car wash in a reasonably safe condition for customers, and through its "negligent, grossly negligent, reckless, and wanton actions" caused him severe bodily injury. Smith's complaint did not cite the Motor Vehicle Reparations Act ("MVRA"), nor did it reference the use or operation of his vehicle.

In June 2024, Childers moved for a judgment on the pleadings pursuant to Civil Rule ("CR") 12.03. However, since matters outside the pleadings had been presented to the circuit court – including Smith's deposition – the court chose to address the motion under CR 56.03 and granted summary judgment to Childers. Citing *Bell v. NLB Properties, LLC*, 618 S.W.3d 517 (Ky. App. 2021), as controlling authority, the court held that Smith's claim was not covered by the MVRA, and thus not eligible for that law's two-year statute of limitations. Finding instead that Smith's claim against Childers was a general negligence or personal injury matter, the circuit court held it must be subject to the one-year statute of limitations outlined in Kentucky Revised Statutes ("KRS") 413.140(1)(a). Accordingly, the court dismissed Smith's claims as time-barred.

This appeal followed. Smith now argues this Court should overturn the *Bell* holding and allow his claim to proceed under the MVRA's two-year statute of limitations.

## II.   STANDARD OF REVIEW

The sole issue before the Court is whether the MVRA's two-year statute of limitations applies to Smith's claim. A decision as to whether an action is barred by a statute of limitations is a question of law which we review *de novo*. *Overstreet v. Kindred Nursing Ctrs. Ltd. Partnership*, 479 S.W.3d 69 (Ky. 2015).

## III.   ANALYSIS

Two statutes of limitations are at issue in this case. The first is KRS 413.140(1)(a) which applies to every personal injury and negligence claim brought within the Commonwealth. It states as follows:

> (1) The following actions shall be commenced within one (1) year after the cause of action accrued:
>
>> (a) An action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant.

The second statute is KRS 304.39-230(1) which applies to claims brought under the MVRA. It states as follows:

> (1) If no basic or added reparation benefits have been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two (2) years after the injured person suffers the loss and either knows, or in the exercise of reasonable

diligence should know, that the loss was caused by the accident, or not later than four (4) years after the accident, whichever is earlier. If basic or added reparation benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant, may be commenced not later than two (2) years after the last payment of benefits.

The MVRA provides an expanded statute of limitations to a subset of claimants – namely those who suffer loss from an injury ***arising out of the maintenance or use of a motor vehicle***. *See* KRS 304.39-030(1). The MVRA's definition section clarifies exactly what constitutes "use of a motor vehicle" for purposes of the Act. According to KRS 304.39-020(6):

(6) "Use of a motor vehicle" means any utilization of the motor vehicle as a vehicle including occupying, entering into, and alighting from it. It does not include:

(a) Conduct within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles unless the conduct occurs off the business premises; or

(b) Conduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying, entering into, or alighting from it.

KRS 304.39-020(16) further defines "maintaining a motor vehicle" as "having legal custody, possession or responsibility for a motor vehicle by one other than an owner or operator." Because Smith filed his claim more than seventeen

-5-

months after the incident at the Double Kwik car wash, the applicability of the MVRA's longer statute of limitations is dispositive.

In *Bell* we analyzed a nearly identical set of circumstances involving a vehicle that was damaged while in the bay of a malfunctioning automatic car wash:

> Once Bell's vehicle was in the wash bay . . . [the owners] were responsible for the proper functioning of the various equipment and apparatus in the car wash. Indeed, Bell's complaint against [the owners] alleges negligence regarding the operation of the wash bay and does not concern use or operation of a motor vehicle. We are unpersuaded by Bell's argument that a car wash does not fall under the business premises exception.

618 S.W.3d at 519. Similarly, here, Smith's vehicle was damaged while inside the bay of the Double Kwik car wash – not by the use or operation of a motor vehicle – but by alleged negligence relating to the car wash's machinery. Thus, the circuit court correctly determined that Smith's claims were governed by KRS 413.140(1)(a), and not the MVRA. Accordingly, as in *Bell*, Smith's claims were time-barred when he filed them.

While conceding that the *Bell* analysis of the MVRA's scope defeats his argument, Smith directly asks this Court to reconsider and overturn that decision. We decline on *stare decisis* grounds and note that the Kentucky Supreme Court recently cautioned against extending the MVRA to cover actions such as premises liability claims involving the failure of an owner "to ensure the safety of

-6-

individuals against an allegedly foreseeable event." *T & J Land Co., LLC v. Miller*, 701 S.W.3d 380, 382 (Ky. 2024).

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Pike Circuit Court's order granting summary judgment is hereby AFFIRMED.


ALL CONCUR.



BRIEF FOR APPELLANT:

Michael A. Johnson
Hazard, Kentucky

BRIEF FOR APPELLEE:

Lee A. Smith
Lisa Stumbo
Prestonsburg, Kentucky